**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) John James Feary,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-cv-00477-CVE-TLW** |
| | ) | |
| **(1) America's Recovery Solutions, LLC,** | ) | |
| **an Ohio Limited Liability Company,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**AMENDED
MOTION FOR DEFAULT JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 55(b), John James Feary, the Plaintiff herein, (the "*Plaintiff*") hereby amends the Motion for Default Judgment filed on October 25, 2012 [Doc. 9] (the "*Original Motion*") and respectfully moves this Court to enter Judgment by Default against the Defendant, America's Recovery Solutions, LLC, an Ohio Limited Liability Company (the "*Defendant*") for failure to plead or otherwise defend in this civil proceeding as required by law.  Pursuant to this Court's Order entered November 7, 2012 [Doc. 11], Plaintiff elects to proceed before this Court only upon his claim pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. § 1692*, et seq. ("*FDCPA*") and hereby withdraws his claim for violation of the bankruptcy discharge injunction without prejudice to re-filing same in the Bankruptcy Court. A proposed Journal Entry of Judgment is attached hereto as Exhibit "A".  In support of this request, the Plaintiff states as follows:

**I. PROCEDUREAL STATUS**

1.    The Plaintiff filed the Complaint alleging, *inter alia*, that the Defendant violated the Fair Debt Collection Practices Act, *15 U.S.C. § 1692*, et seq. ("*FDCPA*") on August 24, 2012

[Doc. 1].  A Summons was duly issued to the Defendant by the Clerk of this Court on August 24, 2012.

2.      As evidenced by the Affidavit of Service filed on September 5, 2012 [Doc 5] the summons was served upon the Defendant by certified mail by serving Incorp Services Inc., the Defendant's registered service agent.

3.      The time for the Defendant to answer or otherwise respond to the Complaint has expired.

4.      The Defendant has not filed an answer or other responsive pleading.

5.      The Defendant is a corporation and therefore not an infant, an incompetent person, nor an active member of the military.

6.      On September 27, 2012 [Doc. 7] Plaintiff filed a Motion for Entry of Default due to Defendant's failure to answer or otherwise file a responsive pleading. The Motion for Entry of Default was mailed to the Defendant's registered service agent, as well as to their offices at 7550 Lucerne Drive, Suite 207, Middleburg Heights, Ohio 44130.  On September 28, 2012 [Doc. 8] a Clerk's Entry of Default was entered by the Clerk of this Court.  No pleading responsive to the Entry of Default or the Clerk's Entry of Default has ever been filed.

7.      A Motion for Default Judgment was filed on October 25, 2012 [Doc. 9] (the "*Original Motion*") and was served by first class mail upon the Defendant's registered service agent, as well as its President, at its business address as shown on its public website as reflected in the Certificate of Service attached to the Original Motion.  A Supplemental Certificate of Service was filed on November 6, 2012 [Doc. 10] reflecting service of the Original Motion by certified mail upon the Defendant's registered service agent, as well as its President, at its business address as shown on its public website and upon Mr. Edward Heartstedt.  No pleading

responsive to the Original Motion has ever been filed.

## II. FACTUAL ALLEGATIONS

8.      Sometime in 2002, the Plaintiff purchased a 2002 Mitsubishi Lancer and financed the same with MMCA.  The debt owed to MMCA for the purchase of the automobile is referred to as the "MMCA Debt".

9.      The MMCA Debt was incurred for personal, family and household purposes.

10.     On August 14, 2003, Plaintiff filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §301 et seq., in the Bankruptcy Court, Case Number 03-04692-R (the "*Bankruptcy Case*").  Pursuant to 11 U.S.C. §362(a), a stay was automatically issued enjoining MMCA from taking any action to collect the MMC Debt (the "*Automatic Stay*").

11.     Plaintiff listed MMCA as a creditor in the Bankruptcy Case and provided actual notice of the filing thereof.

12.     On August 29, 2003, MMCA by and through its "Service Agent", Systems & Services Technologies, and attorney, Erich M. Ramsey, entered an appearance in the Bankruptcy Case.

13.     On October 27, 2003, MMCA filed a motion seeking affirmative relief from the automatic stay pursuant to 11 U.S.C. §362(d) and for an order of abandonment pursuant to 11 U.S.C. §554(a) (the "*MMCA Motion*").

14.     On November 21, 2003, the Bankruptcy Court entered an Order granting the MMCA Motion wherein the Automatic Stay was modified to permit MMCA to enforce its *in rem* lien rights in the Automobile and further, ordering the Automobile abandoned from the Plaintiff's Bankruptcy Estate (the "*MMCA Order*").  The MMCA Order did NOT modify the

stay to permit MMCA to enforce any of its *in personam* rights against the Plaintiff.

15.     On November 18, 2003, the Bankruptcy Court entered an Order pursuant to 11 U.S.C. §727(a) affording relief to the Plaintiff pursuant to 11 U.S.C. §524(a) (the "*Discharge*"). The Discharge constitutes a permanent injunction in favor of the Plaintiff and against MMCA whereby MMCA is forever enjoined from enforcing any of its *in personam* rights arising from the MMCA Debt against the Plaintiff.

16.     The Plaintiff has not made any payments on the MMCA Debt since prior to the Bankruptcy Case.

17.     Beginning in April, 2012, Plaintiff began receiving telephone calls on his mobile telephone from persons identifying themselves as agents of the Defendant.  In each of the telephone calls, the Defendant's agents demanded payment of the MMCA Debt (the "*Communications*").

18.     The Plaintiff's caller identification feature on his mobile telephone shows that the Communications originated from telephone numbers "877.267.3265" or "440.863.5444".  The "877.267.3265" telephone number is identified on the Defendant's website as its "collection" telephone number.

19.     In each of the Communications, the Plaintiff verbally advised the Defendant's agents that the MMCA Debt was subject to the Discharge and demanded that the Communications cease.  Despite such notice, the Defendant's agents continued telephonic communications with the Plaintiff demanding payment of the MMCA Debt.

20.     On or about June 5, 2012, the Plaintiff engaged the professional services of the undersigned counsel.  After reviewing the Bankruptcy Case, the Defendant's website, corporate information, and verifying the telephone numbers, a demand letter was sent by certified mail to

the Defendant, to the attention Skip Foster (the "*Demand Letter*").  Mr. Foster was at the time identified on the Defendant's website as the President of the Defendant.  As of the filing of this Motion, Mr. Foster is still shown as President of the Defendant.  The "green card" receipt for the certified mailing of the Demand Letter was signed by Mr. Edward Heartstedt ("*Heartstedt*").  The Demand Letter demanded the Defendant cease and desist all Communication with the Plaintiff.  The Demand Letter was sent to the Defendant's offices at 7550 Lucerne Drive, Suite 207, Middleburg Heights, Ohio  44130.

21.     Despite the Demand Letter, the telephonic communications continued for several weeks after the filing of this case.

22.     Defendant never sent any written communications to the Plaintiff.

23.     On October 3, 2012, Heartstedt contacted the Plaintiff's undersigned counsel by email and telephone.  Heartstedt represented himself to be the person in charge of the Defendant and advised that Mr. Foster was no longer employed by the Defendant.  On October 4, 2012, a settlement offer was sent to Heartstedt via email.  A follow up email was sent to Heartstedt on October 24, 2012, advising that the Original Motion would be filed on October 25, 2012.  Heartstedt contacted the undersigned by telephone on October 26, 2012, inquiring about the Original Motion.  In response to Heartsteadt's inquiry, the undersigned counsel for the Plaintiff advised Heartsteadt that the Original Motion had been filed and emailed to Heartstedt a pdf image of the Original Motion.  No further response has been received from Heartstedt or any other person claiming to represent the Defendant.

## IV.
### CLAIMS FOR RELIEF
#### A.
### FIRST CLAIM FOR RELIEF
### VIOLATIONS OF
### THE FAIR DEBT COLLECTIONS PRACTICES ACT

24.     The MMCA Debt is a "debt" pursuant to 15 U.S.C. §1692a(5).

25.     Defendant is a "Debt Collector" pursuant to 15 U.S.C. §1692a(6).

26.     The Communications are a violation of 15 U.S.C. §1692c(C) because the Defendant continued to communicate with the Plaintiff and demand payment of the MMCA Debt after the Demand Letter was received by the Defendant.

27.     The Communications are a violation of 15 U.S.C. §1692d(5) because the Defendant engaged the Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the Plaintiff.

28.     The Communications are a violation of 15 U.S.C. §1692e(2) because the Defendant falsely represented to the Plaintiff that the MMCA Debt was a valid debt when in fact the MMCA Debt is no longer enforceable because the statute of limitations has expired and the Discharge enjoins any action to collect or enforce the same.

29.     The Communications are a violation of 15 U.S.C. §1692e(4) because the Defendant falsely represented to the Plaintiff that the MMCA Debt would be enforced by legal action when in fact, the MMCA Debt is no longer enforceable because the statute of limitations has expired and the Discharge enjoins any action to collect or enforce the same.

30.     The Communications are a violation of 15 U.S.C. §1692(f) because the Defendant attempted to collect the MMCA Debt when in fact the same is not a valid debt because the statute of limitations has expired and the Discharge enjoins any action to collect or enforce the same.

31.     The Communications are a violation of 15 U.S.C. §1692(g)(a) because the Defendant never provided any written notice of the Plaintiff's rights pursuant thereto.

32.     Pursuant to 15 U.S.C. §1692(k), the Defendant is liable to the Plaintiff for

statutory damages of $1,000.00, attorney's fees and the costs of this action.

**B.**
**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE DISCHARGE INJUNCTION**
**CIVIL CONTEMPT**
**11 U.S.C. §105(h)**

33.     Plaintiff withdraws his claim for violation of the bankruptcy discharge injunction

without prejudice to refiling the same in the Bankruptcy Court.

**B.**
**THIRD CLAIM FOR RELIEF**
**INJUNCTIVE RELIEF**

34.     The actions of Defendant engaging in continuous efforts to collect money from

the Plaintiff are in direct violation of the Discharge and are continuously damaging to the

Plaintiff.  Plaintiff is without any legal remedy to stop this continuing damage because

Defendant continues its' collection efforts despite the existing injunctive effect of the Discharge

and the continuous verbal and written demands from the Plaintiff to cease such activity.  Plaintiff

is suffering continuous and irreparable harm to his credit and his emotional well-being as a result

of the wrongful acts of Defendant.

35.     Plaintiff is entitled to a permanent injunction enjoining Defendant from making

any credit reporting in the future and enjoining Defendant from engaging in any further

communications with the Plaintiff, whether oral or written.

**IV. VERIFICATION OF FACTS**

36.     Please see the verification of the Plaintiff attached to the Complaint filed on

August 24, 2012 [Doc. 1].  Virtually all of the facts stated herein are also alleged in detail in the

Complaint. The verification of such facts is incorporated herein by reference.

## V.  ATTORNEY'S FEES AND COURT COSTS

37.     The Affidavit of Mark A. Craige, Plaintiff's counsel, is attached hereto as Exhibit "B" in support of this Motion and the amount of attorney's fees and costs requested hereby.  A summary of the fees and costs are:

| Professional | Hours | Rate | Total |
|---|---|---|---|
| Mark A. Craige | 15.15 | $325 | $4,923.75 |
| Ann Ashley | 4.4 | $ 50 | $   235.00 |
| Totals | 19.85 | | $5,158.75 |

38.     The discussion of the procedural status of the case set forth above describes the proceedings in this case.  The Attorney met with the Plaintiff, researched the various legal issues under the FCCPA and the Bankruptcy Code, then prepared and filed the Complaint herein.  After obtaining service, the Attorney prepared and filed the pleadings necessary to obtain the entry of default by the Clerk of this Court as well as the Original Motion.  **No additional fees are requested for the preparation and filing of this Amended Motion.**

39.     The activities of the Attorney in representing the Plaintiff in this case are detailed in the attached time sheets for the Attorney (marked as Exhibit "C" hereto).

40.     The activities described above, as further detailed in the attached time sheets, were reasonable and necessary to the representation of the Plaintiff in this case.

41.     The services performed by the firm of MorrelSaffaCraige were performed by attorney, Mark A. Craige, and his legal assistant, Ann Ashley.  On the last page of Exhibit "C" is a recapitulation of all time and fees for each person who worked on this case.  There are hours expended for which no compensation is sought, so the hours multiplied by the hourly rate for some individuals may not result in the actual amounts for which compensation is sought.  Such time is reflected in the summary exhibit as "unbillable" or "No Charge".

42.     Mr. Craige's practice is limited almost exclusively to business insolvency and bankruptcy matters, including substantial involvement in commercial foreclosures and receiverships.  Mr. Craige has been engaged in active practice since 1982.  His professional resume is attached hereto as Exhibit "D".   During this period of time Mr. Craige has represented creditors, debtors, trustees and receivers in over 1400 commercial insolvency matters.  He was lead counsel in the reported case of *Diviney v. NationsBank*, 211 B.R. 951 (Bankr. N.D. Okla., 1997) aff'd 225 B.R. 762 (10th Cir. BAP, 1998) wherein issues similar to those in this case were strenuously litigated to a successful conclusion for Mr. Craige's client. Mr. Craige's hourly rate is $325.00 per hour.  The hourly rate requested for Mr. Craige is reasonable for an attorney of Mr. Craige's experience and expertise.   Mr. Craige performed 15.15 hours of actual time.  Compensation requested for Mr. Craige is $4,923.75.

43.     Ann Ashley is a paralegal.  Her hourly rate is $50.00 per hour.  The time for which reimbursement is sought is time in which the functions performed included drafting common form type pleadings and communication with parties in interest.  The use of such an employee at a rate much less than those of the Attorney is reasonable.  The time expended by Ms. Ashley is 4.7 hours of actual time at $50.00 per hour; although compensation is sought for 4.3 hours.  Compensation for Ms. Ashley is requested at $235.00.

44.     As discussed above, Attorney rendered legal services to and for the benefit of the Plaintiff for which an award is sought with regard thereto.  Exhibit "C" is attorney's billing statements through October 24, 2012, which do not include any additional time for the preparation for hearing this motion.

45.     Exhibit "C" represents a correct copy of Attorney's time records reflecting, in detail, services performed totaling 19.85 hours during the relevant period of time noted above.

46.     Accordingly, the total reimbursement sought herein for compensation of Plaintiff's counsel's fees advanced and expenses incurred is the sum of $5,508.35, plus time and expenses advanced after October 24, 2012.  For purposes of this Motion only, Plaintiff voluntarily reduces the amount sought by 15%, resulting in a net amount requested of $4,681.80.  Plaintiff reserves the right to request additional fees and expenses in the event this Motion is set for a hearing or if the Defendant opposes this Motion.

47.     Exhibit "C" represents Attorney's contemporaneous daily time records computed in increments of one-tenth (.1) of an hour, setting forth, in detail, the specific dates, services rendered, and the time spent.  (See, *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983.  See, also*, Oliver's Sports Center, Inc. v. National Standard Ins. Co.,* 615 P.2d 291 (Okl., 1980); *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659 (Okl., 1979) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

48.     Oklahoma follows the American Rule concerning the recovery of attorney's fees. See, *Crutchfield v. Marine Power Equipment Co.*, 209 P.3d 295, at 304 (Okla., 2009), citing *Stump v. Cheek*, 2007 OK 97, ¶ 13, 179 P.3d 606, among others.  The American Rule provides that each litigant pay for legal representation and that courts are without authority to assess attorney fees in *the absence of a specific statute or contract*. See, *Crutchfield*, *supra*, *id*.

49.     This dispute arises under the FDCAP, which specifically provides for the recovery of attorneys fees 15 U.S.C. §1692(k)(a)(3).

50.     Attorney's time rendered and at the rate charged as well as the expenses noted herein is reasonable, necessary and customary for attorneys of equivalent experience and qualifications.

51.     In addition, the following factors support this Affidavit, to-wit (*see*, *Ramos*, 713 F2d at 552; *Francia v. White*, 594 F.2d 778, 782 (10th Cir. 1979):

a.  This Court may take into consideration the experience, reputation and ability of counsel.  Attorney has been engaged in an active trial, creditor's rights and Federal bankruptcy practice for over thirty (30) years as described in detail above;

b.  The hourly rate requested hereby is customary in this locale for experienced counsel generally, and in this case, specifically;

c.  The results obtained have provided a maximum return to Plaintiff.

52.  Accordingly, the Court should allow as reasonable, necessary and proper the totality of fees and expenses sought for approval herein in the voluntarily reduced sum of $4,681.80, together with all additional fees and expenses incurred from and after October 25, 2012 forward, and the same should be taxed as costs as part of the overall judgment awarded Plaintiff herein.

53.  In light of the futile efforts to resolve this matter prior to the filing of this Motion and the Defendant's apparent intentional failure to file any response to the Complaint, this Court should grant this Motion and award the Plaintiff judgment as prayed for below.

**WHEREFORE**, Plaintiff prays this Court enter a Judgment by Default against the Defendant, America's Recovery Solutions, LLC, as follows:

1.  Statutory Damages pursuant to 15 U.S.C. §1692(k) of $1,000.00.

2.  Attorney's fees in the amount of $4,681.80, plus any additional fees allowed hereafter.

3.  A permanent injunction enjoining Defendant from ever communicating with the Plaintiff in any manner whatsoever.

Dated this 7th day of November, 2012.

Respectfully submitted,

**MorrelSaffaCraige, P.C.**

___/s/Mark A. Craige_____
**Mark A. Craige**, OBA No. 1992
3501 South Yale Avenue
Tulsa, Oklahoma 74135-8014
918.664.0800 Telephone Number
918.663.1383 Facsimile Number
email address: mark@law-office.com

*Attorney for Plaintiff, John J. Feary*

CERTIFICATE OF SERVICE

I hereby certify that on the same date this document was filed, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:  None

I hereby further certify that on the same date, I served the same document by

| | | |
|---|---|---|
| _X_  U. S. Postal Service | ___ | In Person Delivery |
| ___  Courier Service | ___ | E-Mail |

on the following, who are not registered participants on the ECF system:

America's Recovery Solutions, LLC
c/o Incorp Services, Inc.
9435 Waterstone Boulevard, Suite 140
Cincinnati, OH 45249

America's Recovery Solutions, LLC
Attn: Ed Heartstedt
7550 Lucerne Drive, Suite 207
Middleburg Heights, OH 44130

America's Recovery Solutions, LLC
Attn: Skip Foster, President & CEO
7550 Lucerne Drive, Suite 207
Middleburg Heights, OH 44130

___/s/Mark A. Craige_____
Mark A. Craige

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) John James Feary,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-cv-00477-CVE-TLW** |
| | ) | |
| **(1) America's Recovery Solutions, LLC,** | ) | |
| **an Ohio Limited Liability Company,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b) as requested in the Amended Motion for Default Judgment filed November 7, 2012 [Doc. __] (the "*Amended Motion*"), this Court hereby enters Judgment by Default in favor of John James Feary, the Plaintiff herein, (the "*Plaintiff*") against the Defendant, America's Recovery Solutions, LLC, an Ohio Limited Liability Company (the "*Defendant*") as follows:

1.     The claims for relief alleged in the Complaint filed on August 24, 2012 [Doc. 1] (the "*Complaint*") are civil claims for relief arising under the laws of the United States of America, specifically, the claims for relief are for damages pursuant to 15 U.S.C §1692(k).  The Plaintiff has withdrawn his claim for Contempt arising from the violation of the bankruptcy discharge injunction without prejudice to refiling the same in the Bankruptcy Court. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

2.     The Discharge in the Plaintiff's previous Chapter 7 Bankruptcy was entered by the United States Bankruptcy Court in and for the Northern District of Oklahoma (the "*Bankruptcy Court*").  On August 14, 2003, Plaintiff filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §301 et seq., in the Bankruptcy

Court, Case Number 03-04692-R (the "*Bankruptcy Case*").  The Bankruptcy Case was referred to the Bankruptcy Court by this Court's Rules of the District Court Rule B-6.  As such, this Court was the original Court wherein the Bankruptcy Case was filed.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(2).

# I.
## PROCEDURAL STATUS

4.      The Plaintiff filed the Complaint alleging, *inter alia*, that the Defendant violated the Fair Debt Collection Practices Act, *15 U.S.C. § 1692*, et seq. ("*FDCPA*") on August 24, 2012 [Doc. 1].  A Summons was duly issued to the Defendant by the Clerk of this Court on August 24, 2012.

5.      As evidenced by the Affidavit of Service filed on September 5, 2012 [Doc 5], the summons was served upon the Defendant by certified mail by serving Incorp Services Inc., the Defendant's registered service agent.

6.      The time for the Defendant to answer or otherwise respond to the Complaint has expired.

7.      The Defendant has not filed an answer or other responsive pleading.

8.      The Defendant is a corporation and therefore not an infant, an incompetent person, nor an active member of the military.

9.      On September 27, 2012 [Doc. 7] Plaintiff filed a Motion for Entry of Default due to Defendant's failure to answer or otherwise file a responsive pleading. The Motion for Entry of Default was mailed to the Defendant's registered service agent, as well as to their offices at 7550 Lucerne Drive, Suite 207, Middleburg Heights, Ohio 44130.  The Defendant failed to file any response to the Motion for Entry of Default.  On September 28, 2012 [Doc. 8], a Clerk's Entry of Default was entered by the Clerk of this Court.

10.     The original Motion for Default Judgment was filed on October 25, 2012 [Doc. 9] (the "*Original Motion*") and was served by first class mail upon the Defendant's registered service agent, as well as its President, at its business address shown on its public website as reflected in the Certificate of Service attached to the Original Motion.  A Supplement Certificate of Service was filed on November 6, 2012 [Doc. 10] reflecting service of the Original Motion by certified mail upon the Defendant's registered service agent, as well as its President, at its business address as shown on its public website.  The Amended Motion was served by first class mail upon the Defendant's registered service agent, as well as its President, at its business address as shown on its public website as reflected in the Certificate of Service attached to the Amended Motion.

11.     The Defendant has never filed any response to the Complaint, the Original Motion or the Amended Motion, nor has there been any effort to set aside the Entry of Default.

## FINDINGS OF FACT

12.     The record reflects the Defendant has been properly served with process in this case on several occasions and is wholly in default.

13.     Based upon the Complaint, as verified by the Plaintiff, the Motion and the Affidavit attached thereto, the Court makes the following additional findings of fact.

14.     Sometime in 2002, the Plaintiff purchased a 2002 Mitsubishi Lancer and financed the same with MMCA.  The debt owed to MMCA for the purchase of the automobile is referred to as the "MMCA Debt".

15.     The MMCA Debt was incurred for personal, family and household purposes.

16.     On August 14, 2003, Plaintiff filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §301 et seq., in the Bankruptcy

Court, Case Number 03-04692-R (the "*Bankruptcy Case*").  Pursuant to 11 U.S.C. §362(a), a stay was automatically issued enjoining MMCA from taking any action to collect the MMC Debt (the "*Automatic Stay*").

17.     Plaintiff listed MMCA as a creditor in the Bankruptcy Case and provided actual notice of the filing thereof.

18.     On August 29, 2003, MMCA by and through its "Service Agent", Systems & Services Technologies, and attorney, Erich M. Ramsey, entered an appearance in the Bankruptcy Case.

19.     On October 27, 2003, MMCA filed a motion seeking affirmative relief from the automatic stay pursuant to 11 U.S.C. §362(d) and for an order of abandonment pursuant to 11 U.S.C. §554(a) (the "*MMCA Motion*").

20.     On November 21, 2003, the Bankruptcy Court entered an Order granting the MMCA Motion wherein the Automatic Stay was modified to permit MMCA to enforce its *in rem* lien rights in the Automobile and further, ordering the Automobile abandoned from the Plaintiff's Bankruptcy Estate (the "*MMCA Order*").  The MMCA Order did NOT modify the stay to permit MMCA to enforce any of its *in personam* rights against the Plaintiff.

21.     On November 18, 2003, the Bankruptcy Court entered an Order pursuant to 11 U.S.C. §727(a) affording relief to the Plaintiff pursuant to 11 U.S.C. §524(a) (the "*Discharge*"). The Discharge constitutes a permanent injunction in favor of the Plaintiff and against MMCA whereby MMCA is forever enjoined from enforcing any of its *in personam* rights arising from the MMCA Debt against the Plaintiff.

22.     The Plaintiff has not made any payments on the MMCA Debt since prior to the Bankruptcy Case.

23.     Beginning in April, 2012, Plaintiff began receiving telephone calls on his mobile telephone from persons identifying themselves as agents of the Defendant.   In each of the telephone calls, the Defendant's agents demanded payment of the MMCA Debt (the "*Communications*").

24.     The Plaintiff's caller identification feature on his mobile telephone shows that the Communications originated from telephone numbers "877.267.3265" or "440.863.5444".   The "877.267.3265" telephone number is identified on the Defendant's website as its "collection" telephone number.

25.     In each of the Communications, the Plaintiff verbally advised the Defendant's agents that the MMCA Debt was subject to the Discharge and demanded that the communications cease.   Despite such notice, the Defendant's agents continued telephonic communications with the Plaintiff demanding payment of the MMCA Debt.

26.     On or about June 5, 2012, the Plaintiff engaged the professional services of the undersigned counsel.  After reviewing the Bankruptcy Case, the Defendant's website, corporate information, and verifying the telephone numbers, a demand letter was sent by certified mail to the Defendant, to the attention Skip Foster (the "*Demand Letter*").   Mr. Foster was at the time identified on the Defendant's website as the President of the Defendant.  As of the filing of this Motion, Mr. Foster is still shown as President of the Defendant.  The "green card" receipt for the certified mailing of the Demand Letter was signed by Mr. Edward Heartstedt ("*Heartstedt*"). The Demand Letter demanded the Defendant cease and desist all Communication with the Plaintiff.  The Demand Letter was sent to the Defendant's offices at 7550 Lucerne Drive, Suite 207, Middleburg Heights, Ohio  44130.

27.     Despite the Demand Letter, the telephonic communications continued for several

weeks after the filing of this case.

28.     Defendant never sent any written communications to the Plaintiff.

29.     On October 3, 2012, Heartstedt contacted the Plaintiff's undersigned counsel by email and telephone.  Heartstedt represented himself to be the person in charge of the Defendant and that Mr. Foster was no longer employed by the Defendant.  On October 4, 2012, a settlement offer was sent to Heartstedt via email.  A follow up email was sent to Heartstedt on October 24, 2012, advising that this Motion would be filed on October 25, 2012.  Heartstedt contacted the undersigned by telephone on October 26, 2012, inquiring about the Original Motion.  In response to Heartstedt's inquiry, the undersigned counsel for the Plaintiff advised Heartstedt that the Original Motion had been filed and emailed to Heartstedt a pdf image of the Original Motion. As of the filing of this Motion, no response has been received from Mr. Heartstedt or any other person claiming to represent the Defendant.

30.     The Affidavit of Mark A. Craige, Plaintiff's counsel, is attached to the Amended Motion as Exhibit "B" and Exhibit "C" is documents reflecting the Attorney's contemporaneous daily time records computed in increments of one-tenth (.1) of an hour, setting forth, in detail, the specific dates, services rendered, and the time spent by the Attorney in this case.  A summary of the fees and costs are:

| Professional | Hours | Rate | Total |
|---|---|---|---|
| Mark A. Craige | 15.15 | $325 | $4,923.75 |
| Ann Ashley | 4.4 | $ 50 | $ 235.00 |
| Totals | 19.85 | | $5,158.75 |

31.     The discussion of the procedural status of the case set forth in the Amended Motion and above describes the proceedings in this case.  The Attorney met with the Plaintiff, researched the various legal issues under the FCCPA and the Bankruptcy Code, then prepared

and filed the Complaint herein.  After obtaining service, the Attorney prepared and filed the pleadings necessary to obtain the entry of default by the Clerk of this Court as well as the Original Motion and the Amended Motion.  The Court notes that no fees are sought for the preparation and filing of the Amended Motion.

32.     The activities described above, as further detailed in Exhibit "C" to the Amended Motion, were reasonable and necessary to the representation of the Plaintiff in this case.

33.     The services performed by the firm of MorrelSaffaCraige were performed by attorney, Mark A. Craige, and his legal assistant, Ann Ashley.  On the last page of Exhibit "C" is a recapitulation of all time and fees for each person who worked on this case.  There are hours expended for which no compensation is sought, so the hours multiplied by the hourly rate for some individuals may not result in the actual amounts for which compensation is sought.  Such time is reflected in the summary exhibit as "unbillable" or "No Charge".

34.     Mr. Craige's practice is limited almost exclusively to business insolvency and bankruptcy matters, including substantial involvement in commercial foreclosures and receiverships.   Mr. Craige has been engaged in active practice since 1982.  His professional resume is attached to the Amended Motion as Exhibit "D".   During this period of time Mr. Craige has represented creditors, debtors, trustees and receivers in over 1400 commercial insolvency matters.  He was lead counsel in the reported case of *Diviney v. NationsBank*, 211 B.R. 951 (Bankr. N.D. Okla., 1997) aff'd 225 B.R. 762 (10th Cir. BAP, 1998) wherein issues similar to those in this case were strenuously litigated to a successful conclusion for Mr. Craige's client. Mr. Craige's hourly rate is $325.00 per hour.  The hourly rate requested for Mr. Craige is reasonable for an attorney of Mr. Craige's experience and expertise.

35.     Ann Ashley is a paralegal.  Her hourly rate is $50.00 per hour.  The time for

which reimbursement is sought is time in which the functions performed included drafting common form type pleadings and communication with parties in interest.  The use of such an employee at a rate much less than that of the Attorney is reasonable.

36.     The time expended by the Attorney was reasonable and necessary in this case.  As discussed above, Attorney rendered legal services to and for the benefit of the Plaintiff for which an award is sought with regard thereto.  Exhibit "C" is the attorney's billing statements through October 24, 2012, which does not include any additional time for the preparation for hearing of this motion.  Exhibit "C" represents a correct copy of Attorney's time records reflecting, in detail, services performed during the relevant period of time noted above.

37.     Accordingly, the total reimbursement sought herein for compensation of Plaintiff's counsel's fees advanced and expenses incurred is the sum of $5,508.35, plus time and expenses advanced after October 24, 2012.  For purposes of the Amended Motion only, Plaintiff has voluntarily reduced the amount sought by 15% resulting in a net amount requested of $4,681.80.

## IV.
## CONCLUSIONS OF LAW
### A.
### FIRST CLAIM FOR RELIEF
### VIOLATIONS OF
### THE FAIR DEBT COLLECTIONS PRACTICES ACT

38.     The MMCA Debt is a "debt" pursuant to 15 U.S.C. §1692a(5).

39.     Defendant is a "Debt Collector" pursuant to 15 U.S.C. §1692a(6).

40.     The Communications are a violation of 15 U.S.C. §1692c(C) because the Defendant continued to communicate with the Plaintiff and demand payment of the MMCA Debt after the Demand Letter was received by the Defendant.

41.     The Communications are a violation of 15 U.S.C. §1692d(5) because the Defendant engaged the Plaintiff in telephone conversation repeatedly or continuously with intent

to annoy, abuse, or harass the Plaintiff.

42.     The Communications are a violation of 15 U.S.C. §1692e(2) because the Defendant falsely represented to the Plaintiff that the MMCA Debt was a valid debt when in fact the MMCA Debt is no longer enforceable because the statute of limitations has expired and the Discharge enjoins any action to collect or enforce the same.

43.     The Communications are a violation of 15 U.S.C. §1692e(4) because the Defendant falsely represented to the Plaintiff that the MMCA Debt would be enforced by legal action when in fact, the MMCA Debt is no longer enforceable because the statute of limitations has expired and the Discharge enjoins any action to collect or enforce the same.

44.     The Communications are a violation of 15 U.S.C. §1692(f) because the Defendant attempted to collect the MMCA Debt when in fact the same is not a valid debt because the statute of limitations has expired and the Discharge enjoins any action to collect or enforce the same.

45.     The Communications are a violation of 15 U.S.C. §1692(g)(a) because the Defendant never provided any written notice of the Plaintiff's rights pursuant thereto.

46.     Pursuant to 15 U.S.C. §1692(k), the Defendant is liable to the Plaintiff for statutory damages of $1,000.00, attorney's fees and the costs of this action.

**B.**
**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE DISCHARGE INJUNCTION**
**CIVIL CONTEMPT**
**11 U.S.C. §105(h)**

47.     The Plaintiff has withdrawn his claim for violation of the bankruptcy discharge injunction without prejudice to refiling the same in the Bankruptcy Court.

**B.**
**THIRD CLAIM FOR RELIEF**
**INJUNCTIVE RELIEF**

48.     The actions of Defendant in engaging in continuous efforts to collect money from

the Plaintiff are in direct violation of the Discharge and are continuously damaging to the

Plaintiff.   Plaintiff is without any legal remedy to stop this continuing damage because

Defendant continues its' collection efforts despite the existing injunctive effect of the Discharge

and the continuous verbal and written demands from the Plaintiff to cease such activity.  Plaintiff

is suffering continuous and irreparable harm to his credit and his emotional well-being as a result

of the wrongful acts of Defendant.

49.     Plaintiff is entitled to a permanent injunction enjoining Defendant from making

any credit reporting in the future and enjoining Defendant from engaging in any further

communications with the Plaintiff, whether oral or written.

**V.**
**ATTORNEY'S FEES AND COURT COSTS**

50.     Exhibit "C" to the Amended Motion represents Attorney's contemporaneous daily

time records computed in increments of one-tenth (.1) of an hour, setting forth, in detail, the specific

dates, services rendered, and the time spent.   (See, *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983.

See, also, *Oliver's Sports Center, Inc. v. National Standard Ins. Co.,* 615 P.2d 291 (Okl., 1980.);

*State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659 (Okl., 1979) and *Johnson v. Georgia*

*Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

51.     Oklahoma follows the American Rule concerning the recovery of attorney's fees.

See, *Crutchfield v. Marine Power Equipment Co.*, 209 P.3d 295, at 304 (Okla.2009), citing

*Stump v. Cheek*, 2007 OK 97, ¶ 13, 179 P.3d 606, among others.  The American Rule provides

that each litigant pay for legal representation and that courts are without authority to assess attorney's fees in *the absence of a specific statute or contract*. See, *Crutchfield*, *supra*, *id*.

52. This dispute arises under the FDCAP, which specifically provides for the recovery of attorney's fees 15 U.S.C. §1692(k)(a)(3).

53. Attorney's time rendered and at the rate charged as well as the expenses noted herein is reasonable, necessary and customary for attorneys of equivalent experience and qualifications.

54. In addition, the following factors support this Affidavit, to-wit (see, *Ramos*, 713 F2d at 552; *Francia v. White*, 594 F.2d 778, 782 (10th Cir. 1979):

        a.     This Court may take into consideration the experience, reputation and ability of counsel. Attorney has been engaged in an active trial, creditor's rights and Federal bankruptcy practice for over thirty (30) years as described in detail above;

        b.     The hourly rate requested hereby is customary in this locale for experienced counsel generally, and in this case, specifically;

        c.     The results obtained have provided a maximum return to Plaintiff.

55. Accordingly, the Court allows as reasonable, necessary and proper the totality of fees and expenses sought for approval herein in the voluntarily reduced sum of $4,681.80 and the same should be taxed as costs as part of the overall judgment awarded Plaintiff herein.

56. In light of the futile efforts to resolve this matter prior to the filing of the Motion and the Defendant's apparent intentional failure to file any response to the Complaint, this Court grants the Amended Motion and awards the Plaintiff judgment.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Judgment is hereby entered for the Plaintiff, John J. Feary, against the Defendant, America's Recovery Solutions, LLC, as follows:

1.     Statutory Damages pursuant to 15 U.S.C. §1692(k) of $1,000.00.

2.     Attorney's fees, expenses and court costs in the amount of $4,681.80, plus any

additional fees allowed hereafter.

3.      The Defendant, America's Recovery Solutions, LLC, an Ohio Limited Liability Company, is hereby permanently and forever enjoined from communicating with the Plaintiff in any manner whatsoever.

Entered this _____ day of _____, 2012.


_____
**Claire V. Egan, U. S. District Court Judge**



Submitted by:


___/s/Mark A. Craige_____
**Mark A. Craige**, OBA No. 1992
**MorrelSaffaCraige, P.C.**
3501 South Yale Avenue
Tulsa, Oklahoma 74135-8014
918.664.0800 Telephone Number
918.663.1383 Facsimile Number
e-mail address: mark@law-office.com

***Attorney for Plaintiff***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**(1) John James Feary,**                )
                                         )
                         **Plaintiff,**  )
                                         )
**vs.**                                  )        **Case No. 12-cv-00477-CVE-TLW**
                                         )
**(1) America's Recovery Solutions, LLC,** )
**an Ohio Limited Liability Company,**   )
                                         )
                        **Defendant.**   )


### AFFIDAVIT OF ATTORNEY FOR PLAINTIFF
### IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT


**STATE OF OKLAHOMA**           )
                                )  **ss:**
**COUNTY OF TULSA**             )

Mark A. Craige, being first duly sworn upon oath, states:

1.      I am an attorney and counselor at law, duly admitted to practice in the State of Oklahoma and in this court.

2.      I practice law under the firm name of MorrelSaffaCraige, P.C. at 3501 South Yale Avenue, Tulsa, Oklahoma 74135-8014.

3.      A summons was issued to the Defendant on August 24, 2012.

4.      As evidenced by the Affidavit of Service filed on September 5, 2012 [Doc 5], the summons was served by certified mail upon Incorp Services Inc. at 9435 Waterstone Boulevard, Suite 140, Cincinnati, Ohio 45249 as Defendant's registered service agent.

5.      The corporate information from the Ohio Secretary of State shows that the Defendant is an Ohio corporation in good standing and that Incorp Services Inc. at 9435

Waterstone Boulevard, Suite 140, Cincinnati, Ohio 45249 is the Defendant's registered service agent.

6.      Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(1), a pleading responsive to the complaint was due 21 days after service of process.  The Summons and Complaint were served on August 30, 2012, therefore, the Defendant's response was due no later than the 20th day of September, 2012.

7.      No response or motion has been received within the time permitted by Fed. R. Bankr. P. 12(a)(1)(A)(1) and no requests for extensions have been made by the Defendant.

8.      The Defendant is an Ohio corporation and therefore not an infant, an incompetent person nor an active member of the military.

9.      On October 3, 2012, Ed Heartstedt contacted me by email and telephone.  Mr. Heartstedt represented himself to be the person in charge of the Defendant and that Mr. Foster was no longer employed by the Defendant.  On October 4, 2012, a settlement offer was sent to Heartstedt via email.  A follow up email was sent to Heartstedt on October 24, 2012, advising that this Motion would be filed on October 25, 2012.  As of the filing of this Motion, no response has been received from Heartstedt or any other person claiming to represent the Defendant.

10.     Attached to the Motion for Default Judgment (the "Motion") as Exhibit "C" is a copy of the time and billing records of my firm related to this matter.  The time shown is a contemporaneous record of the actual time spent upon the tasks described therein.

11.     Attached to the Motion as Exhibit "D" is my professional resume which accurately reflects a summary of my professional activities.

12.     The hourly rate requested in the Motion for myself and my legal assistant, Ann Ashley, are the customary rates charged by us.  Such previously rates have been approved as

reasonable by this Court ("NDOK"), the U. S. District Court for the Eastern District of Oklahoma ("EDOK"), the U. S. Bankruptcy Court for the Northern ("BCNDOK"), Districts of Oklahoma, as well as Tulsa County District Court ("TCDC") in the following cases:

| Court | Case No. | Date | Document Number |
|-------|----------|------|-----------------|
| NDOK | 10-CV-68-TCK-PJC | 12/28/11 | 78 (see detailed R&R @ 76) |
| EDOK | CIV-11-268-RAW | 12/12/11 | 49 |
| NDOK BC | 09-13572-R | 10/12/10 | 372 |
| TCDC | CJ-2010-5562 | 7/23/12 | none |

13.     The fees and expenses sought by the Motion are in my opinion reasonable under the circumstances in this case.

14.     Based upon my personal knowledge, a review of the filings in the United States Bankruptcy Court for the Northern District of Oklahoma Case Number 03-04692-R and the Verification of John J. Feary affixed to the Complaint filed on August 24, 2012 [Doc. 1], the facts set forth in the Motion are true and correct to the best of my knowledge, information and belief.

**FURTHER AFFIANT SAYETH NOT.**

_____
**Mark A. Craige**

Subscribed and sworn to before me this 25th day of October, 2012.

_____
Notary Public

My Commission Expires:
Commission Number:

H:\MAC\aa\Feary\MMCA\pleadings\2012-10-25 affidavit of atty re req for def judg.doc



**Morrel Saffa Craige, P.C.**
**3501 S. Yale Avenue**
**Tulsa, OK 74135-8014**
**(918) 664-0800**
**Tax I.D. #73-0971106**

Page: 1
JOHN FEARY                                                    October 25, 2012
30232 E 69TH STREET SOUTH                    Account No:        9722-004
BROKEN ARROW  OK  74014                        Statement No:        92488

DISCHARGE VIOLATION

Professional Services

|            |      |                                                                                                                                                                           | Hours |        |
|------------|------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|--------|
| 06/12/2012 |      |                                                                                                                                                                           |       |        |
|            | SAA  | Prepare stay violation letter to America's Recovery Solutions LLC regarding collection attempts on discharged debt                                                         | 0.50  | 25.00  |
|            | MAC  | Telephone conference with client regarding: discharge violation. Review and finalize letter to collection agency.                                                         | 0.50  | 162.50 |
| 07/13/2012 |      |                                                                                                                                                                           |       |        |
|            | MAC  | Meet with John Feary to discuss continued collection calls. Since collection agency is ignoring the demand letter we sent by Certified Mail, we have no choice but to sue them. | 0.75  | 243.75 |
|            | MAC  | Meet with Client to discuss claims against Mitsubishi and their collection agency.                                                                                        | 0.75  | 243.75 |
|            | MAC  | Legal research and factual back ground on America's Recovery Solutions.                                                                                                   | 1.00  | 325.00 |
| 08/14/2012 |      |                                                                                                                                                                           |       |        |
|            | MAC  | Research facts.  Review caller ID, review ARSS website to confirm same numbers.  Review Bankruptcy schedules, discharge and docket.  Claim originally held by Mitsubishi Motor Credit. Research MMC corporate status on line. Research ARSS LLC status on line. | 0.65  | 211.25 |
|            | MAC  | Legal research Claims under FDCPA, statutory and case law. Contempt of Bankruptcy Discharge.  Jursidictional statutes. Local Rule referring Bankr. Cases from Dist. Ct to Bankr. Ct. | 1.50  | 487.50 |
|            | MAC  | Prepare pleadings Complaint for damages to be filed in US Dist. Ct, NDOK.                                                                                                 | 1.25  | 406.25 |
|            | MAC  | Telephone conference with Client to go over complaint.  Email                                                                                                             |       |        |

Exhibit "C"
1 of 5

Page: 2

JOHN FEARY                                                                October 25, 2012
                                                          Account No:        9722-004
                                                          Statement No:        92488

DISCHARGE VIOLATION

|  |  |  | Hours |  |
|---|---|---|---|---|
|  |  | draft to Client for verification. | 0.30 | 97.50 |
| 08/16/2012 | SAA | Telephone conference with client regarding county in which he resides; email to Mark with message that client actually lives in Wagoner county | 0.20 | 10.00 |
| 08/17/2012 | SAA | Revisions to complaint | 0.60 | 30.00 |
|  | SAA | Prepare draft of civil cover sheet | 0.40 | 20.00 |
|  | MAC | Read email from Client re: He now lives in Wagoner County, which is in the Eastern Dist. of Okla.  Presents a venue question. | 0.10 | 32.50 |
|  | MAC | Legal research on venue.  Discharge violation venue lies in NDOK.  FDCPA venue lies in EDOK.  When both are right, can file in either one. | 0.75 | 243.75 |
|  | MAC | Telephone conference with Client regarding venue question resolved.  He will come by Monday to sign the verification. | 0.15 | 48.75 |
| 08/20/2012 | SAA | Office conference with client to notarize signature on affidavit in support of complaint | 0.10 | 5.00 |
| 08/23/2012 | MAC | Finalize pleading regarding Complaint & Cover Sheet.  Email to Court to initiate case. | 0.30 | 97.50 |
| 08/24/2012 | SAA | Revisions to complaint | 0.20 | 10.00 |
|  | SAA | Prepare summons | 0.40 | 20.00 |
|  | SAA | Prepare attorney appearance | 0.40 | 20.00 |
|  | MAC | File Pleadings Complaint, Cover Sheet and Entry of Appearance.  Prepare Summons, then email to Clerk for issuance.  Send email to client regarding case filed. | 0.40 | 130.00 |
| 08/27/2012 | SAA | Indirect time: mail out of summons/complaint by regular mail & by certified mail, return receipt requested | 0.30 | n/c |
| 09/26/2012 | MAC | Review legal documents Show Cause order from Court regarding Defendant has been served but no response.  Review |  |  |

Page: 3

JOHN FEARY

October 25, 2012

Account No:     9722-004
Statement No:      92488

DISCHARGE VIOLATION

|  |  |  | Hours |  |
|---|---|---|---|---|
|  |  | service of summons, service appears good.  Prepare Application for Clerk's Default & Affidavit in support. | 0.75 | 243.75 |
| 09/27/2012 | MAC | Prepare Request for Clerk's Default, affidavit in support of request and clerk's default. | 0.75 | 243.75 |
|  | SAA | Finalize legal document: affidavit in support of motion for default judgment | 0.40 | 20.00 |
|  | SAA | Finalize legal document: motion for entry of default judgment | 0.50 | 25.00 |
|  | SAA | Revisions to motion for entry of default judgment | 0.20 | 10.00 |
|  | MAC | Finalize pleading Request for Clerk's Default, affidavit in support of request and clerk's default.  Electronically file with the Court.  Submit order to Clerk. | 0.25 | 81.25 |
| 09/28/2012 | MAC | Prepare Motion for Default Judgment. | 2.10 | 682.50 |
| 10/04/2012 | MAC | Telephone conference with Ed Heartstedt, president of America's Recovery Solutions regarding settlement negotiations. | 0.40 | 130.00 |
|  | MAC | Review legal documents Time sheets, file and pleadings.  Then, prepare formulate settlement offer. | 0.35 | 113.75 |
|  | MAC | Telephone conference with Client regarding settlement offer.  He approved. | 0.25 | 81.25 |
|  | MAC | Prepare email to Eddie Heartstedt re Settlement Offer. | 0.20 | 65.00 |
| 10/24/2012 | MAC | Review emails.  No reponse to Settlement Offer sent 10/4/12.  Prepare email to Ed Harrdsteadt re no response to offer, therefore, intend to proceed with filing motion for default judgment. | 0.10 | 32.50 |
|  | MAC | Revisions to Motion for default Judgment and affidavit in support. | 0.75 | 243.75 |
| 10/25/2012 | MAC | Revise pleadings regarding Motion for Default judgment.  Finalize and electronically file with the Court. | 0.85 | 276.25 |
|  | SAA | Finalize legal document: affidavit of Mark Craige in support of motion for default judgment | 0.50 | 25.00 |

Page: 4

JOHN FEARY

October 25, 2012

Account No:    9722-004

Statement No:    92488

DISCHARGE VIOLATION

|  |  | Hours |  |
|---|---|---|---|
| For Current Services Rendered | | 19.55 | 5,143.75 |

### Expenses

| Date | Description | Amount |
|---|---|---|
| 08/24/2012 | United States Bankruptcy Court Clerk - Filing Fee | 350.00 |
| 08/27/2012 | Postage | 1.30 |
| 08/27/2012 | Postage | 6.60 |
| 08/27/2012 | Photocopies | 3.30 |
| 09/27/2012 | Postage | 1.30 |
| 09/27/2012 | Photocopies | 2.10 |
|  | Total Expenses | 364.60 |
|  | Total Current Work | 5,508.35 |
|  | Balance Due | $5,508.35 |

Payment is due on receipt of this statement.  Interest is computed on all unpaid balances after 30 days at the rate of 1.5% per month (18% Annual Percentage Rate).
Thank you.

Exhibit "C"
4 of 5

Date: 10/25/2012          **Summary Fee Transaction File List**          Page: 1

Morrel Saffa Craige, P.C.

| | | Hours to Bill | Amount | |
|---|---|---|---|---|
| **Total for Timekeeper 5** | Billable | 15.15 | 4,923.75 | Mark A. Craige |
| | | | | |
| **Total for Timekeeper 14** | Billable | 4.40 | 220.00 | Ann Ashley |
| | Non-billable | 0.30 | 15.00 | |
| | Total | 4.70 | 235.00 | |

| GRAND TOTALS | | | |
|---|---|---|---|
| Billable | 19.55 | 5,143.75 | |
| Non-billable | 0.30 | 15.00 | |
| Total | 19.85 | 5,158.75 | |

*JER*          *Thursday 10/25/2012 12:20 pm*

**~ PROFESSIONAL RESUME ~**

**Of**

# Mark A. Craige
_____

**MorrelSaffaCraige, PC**
**3501 South Yale Avenue**
**Tulsa, Oklahoma  74135-8014**
**Telephone Number: 918.664.0800**
**Facsimile Number: 918.663.1383**
**e-mail address:  mark@law-office.com**

**Education:**
> ~ Southeastern Oklahoma State University:
>    Double Major:  Computer Science and Accounting, (B.S. Cum Laude, 1979)
> ~ University of Tulsa Law School (J.D., 1981), graduated in top 25%

**Admitted to Practice:**
> ~ State of Oklahoma, 1982
> ~ U.S. Court of Appeals, Tenth Circuit (June 12, 1989)
> ~ U.S. District Courts:
>    Oklahoma:  Northern (November 20, 1987), Eastern (July 23, 1984) & Western (October 24, 2006) Districts
>    Texas:  Eastern District (February 11, 1986)
>    Arkansas:  Eastern and Western Districts (March 24, 1992)
>    Wisconsin:  Eastern District (January 22, 1997)

**Employment:**
> Engaged in private practice since May, 1982.  Practice limited to bankruptcy, insolvency and commercial litigation related cases since 1986.
> Currently, shareholder and director of MorrelSaffaCraige, a professional corporation.

**Certifying Organizations:**
> Board Certified in Business Bankruptcy Law by the American Board of Certification since 1992.

**Professional Awards and Ratings:**

> Fellow of the American College of Bankruptcy, Class of 2000.
> AV Preeminent rated by Martindale-Hubbel
> Best Lawyers in America, since 2008.
> Oklahoma Super Lawyers since 2007.
> Earl Sneed Award for Outstanding Contribution to CLE, Oklahoma Bar Association, 1998.
> Meritorious Service Award, American Bankruptcy Institute, 1995.
> Distinguished Service Award, Tulsa County Bar Association, 1987.

**Counsel in Reported Cases:**

*In re Atlas Computers, Inc.,* 433 B.R. 871 (Bankr. N.D. Okla. 2010)

*In re Webb,* 376 B.R. 765 (Bankr. W.D. Okla. 2007)

*In re Forest Hill,* 364 B.R. 808 (Bankr. E.D. Okla. 2007)

*In re ELRS Loss Mitigation,* LLC, 325 B.R. 604 (Bankr. N.D.Okla. 2005)

*Sheehan Pipe Line Const. Co. v. Laney Directional Drilling Co.,* 228 F.Supp.2d 1271, (N.D.Okla.,2002)

*U.S. v. Kroblin,* 2004 WL 1747467, 94 A.F.T.R.2d 2004-5180, 2004-2 USTC P 50,345 (N.D.Okla.,2004)

*In re Wallace,* 316 B.R. 743 (10th Cir.BAP 2004)

*In re Wallace,* 314 B.R. 904 (10th Cir.BAP 2004)

*In re Tiger Petroleum Co.,* (Bankr. N.D.Okla. 2004)

*In re Wallace,* 311 B.R. 601 (Bankr. N.D.Okla.,2004)

*In Re Merrill,* 246 B.R. 906 (Bankr. N.D. Okla. 2000)

*In re Tirey Distributing Co.,* 242 B.R. 717 (Bankr. E.D. Okla. 1999)

*Smolen v. Hatley*, 227 B.R. 757 (10th Cir. BAP, 1998), aff'd 194 F3d 1320 (10th Cir. 1999)

*In re Hermann,* 221 B.R. 944 (Bankr.N.D.Okla. 1998)

*In Re Salina Speedway, Inc.,* 210 B.R. 851 (10th Cir. BAP 1997)

*Diviney v. NationsBank*, 211 B.R. 951 (Bankr. N.D. Okla., 1997) aff'd 225 B.R. 762 (10th Cir. BAP, 1998)

*Osborn v. Durant Bank & Trust Co.* (*In re Osborn*), 24 F.3d 1199 (10th Cir., 1994)

*Rich v. United States of America, ex rel Internal Revenue Service*, 197 B.R. 692 (Bankr. N.D. Okla. 1996), aff'd., slip. op. 96-CV-00775K, (N.D. Okla. 1997)

*In Re Griffith,* 194 B.R. 262 (Bankr. E.D. Okla. 1996)

*In re Osborn*, 176 Bankr. 217 (Bankr. E.D. Okla., 1994)

*In re Osborn*, 176 Bankr. 941 (Bankr. E.D. Okla., 1994)

*In re Butler*, 139 Bankr. 258 (Bankr. E.D. Okla., 1992)

*In re Sevitski*, 161 Bankr. 847    (Bankr. N.D. Okla., 1993)

*In re Manley*, 135 Bankr. 137 (Bankr. N.D. Okla., 1992)

*Marx v. Reeds*, 145 Bankr. 703 (Bankr. N.D. Okla., 1992)

*In re Luker*, 1990 Bankr. LEXIS 1539 (Bankr. N.D. Okla., 1990)

*In re Wood Comm. Fund I, Inc.*, 116 Bankr. 817 (Bankr. N.D. Okla., 1990)

*In re Threet*, 118 Bankr. 805 (Bankr. N.D. Okla., 1990)

*In re Dodd*, 97 Bankr. 74 (Bankr. N.D. Okla., 1989)

*In re Wiford*, 105 Bankr. 992 (Bankr. N.D. Okla., 1989)

*In re Garrison*, 108 Bankr. 760 (Bankr. N.D. Okla., 1989)

*Matter of Jerry L.,* 662 P2d 1372 (Okla. Sup. Ct. 1983).

**Publications:**

~ Editor:

"Banco Rotta," Oklahoma Bar Assn. Bankruptcy Section Newsletter, 1989-90

~ Author:

"The New Family Farms Bankruptcy Act," 58 Oklahoma Bar Journal 1505

"Pension Plans Are Not Property of Bankruptcy Estate," 63 Oklahoma Bar Journal 3341

"Effect of the 1994 Bankruptcy Reform Act on Family Law Issues," 66 O.B.J. 3301

~ Contributing Author:

"Small Business Bankruptcy Reorganizations," Wylie Publishing Company, 1994

**Lectures:**

"Representation of Debtors in Bankruptcy," Oklahoma Bar Assn. "OBA" CLE, 1990
"Criminal Considerations in Bankruptcy," OBA, CLE, 1990
"Financing a Debtor in Chapter 12 Including Use, Sale or Lease of Collateral,"
West Texas Bankruptcy Bar Association, Texas Tech University School of Law, 1991
"Basic Chapter 7," OBA, CLE, 1991
"Chapter 12 Farm Reorganization," Farm Crisis Task Force, 1991
"Representation of Creditors in Bankruptcy," OBA, CLE, 1992
"Recent Developments in Bankruptcy," Oklahoma City University, 1992
"Representing Debtors in Consumers Bankruptcy," OBA, CLE, 1993
"Recent Developments in Bankruptcy," Oklahoma City University, 1993
"Effect of Bankruptcy on Receiverships" and "Partnership Bankruptcy Issues,"
National Business Institute, 1994
"Recent Developments in Bankruptcy," Oklahoma City University, 1994
"Small Business Chapter 11," University of Tulsa, 1994
"Recent Developments in Bankruptcy,"
Annual Bankruptcy Retreat, Bankruptcy and Reorganization Section, OBA
"The Impact of the 1994 Bankruptcy Reform Act," Oklahoma City University, 1995
"Cash Collateral and Adequate Protection," Oklahoma City University, 1995
"Discharge Issues Under §523 & §727," Oklahoma City University, 1995
"The 1994 Bankruptcy Reform Act," Stetson University Law School, CLE, Tampa, Florida
"Which Chapter for Small Business, Chapter 11 or Chapter 13?," Southeastern Bankruptcy
Conference, Memphis, Tenn. 1997
"Recent Developments in Bankruptcy Tax Issues," Law Education Institute, Vail, Colorado,
annually from 1997 thru 2000
"Creditor's Rights in Bankruptcy," Lorman Business Institute, annually since 1997
Small Business Reorganizations," University of Arkansas, CLE, 1997
"Family Law Issues in Bankruptcy," National Business Institute, 1997
"Which Chapter for Small Business, Chapter 11 or Chapter 13?"
Tulsa County Bar Association, (Program Chair) 1997
"Agricultural Bankruptcy Issues," American Bankruptcy Institute's
Rocky Mountain Bankruptcy Conference, 1998
"Sanctions and Contempt Powers in Bankruptcy,"
American Bankruptcy Institute's Annual Meeting, 1998
"Small Business Reorganizations, 5th Annual Mid-South Bankruptcy Conference,
University of Arkansas, Memphis, Tennessee, 1999
"Basic Bankruptcy for Creditors," National Business Institute, annually since 2000
"Current Development in Article 9," National Business Institute, 2003
"Squeezing Blood from a Turnip, Bankruptcy Issues," Oklahoma Bar Association, 2003
"Landlord/Tennant Issues in Bankruptcy," Oklahoma Bar Association, 2004, 2005, 2010 &
2012.
"Creditor Issues in Chapter 13 Bankruptcy," Oklahoma Bar Association, 2005, 2006, 2007
& 2009
"Impact of Bankruptcy Reform and Consumer Protection Act on Creditor's rights in
Consumer Cases under Chapter 7 and 13,"  Oklahoma Credit Union League, 2005

"Bankruptcy, Foreclosure and Real Property Title Issues," National Business Institute, 2009.
"Bankruptcy Issues in Oklahoma Foreclosures," National Business Institute, annually since 2006 thru 2011.

**Professional Associations:**
- ~ Tulsa County Bar Association
- ~ Oklahoma Bar Association:
    - Bankruptcy and Reorganization Section:
        - Board, 1985-99
        - Chairman, 1986-1987
        - Continuous member since 1985
    - Public Information Committee, 1986-1988
- ~ American Bankruptcy Institute
    - Membership Committee (Chairman, 1994-1998)
    - National Membership Network Sub-Committee (Chairman, 1992-93)
    - Rules Committee, Technology Sub-Committee, 1992-93
    - Continuous member since 1989
- ~ American Board of Certification
    - Chairman, 2001
    - President, 2000
    - Vice President 1996-1999
    - Board of Directors, 1994-2001; 2010-present
    - Technology Committee Chair, 2010-present
    - Faculty, 1999-2001
    - Marketing Committee Chair, 1995-1997
    - Standards Committee, 1994-1997

**References are available upon request.**

H:\MAC\aa\Mark\Resume.Mark.doc