UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOHN JAMES FEARY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 12-CV-0477-CVE-TLW |
| ) | |
| **AMERICA'S RECOVERY SOLUTIONS, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFAULT JUDGMENT**

This matter comes on for consideration of plaintiff's Amended Motion for Default Judgment (Dkt. # 12). Plaintiff John James Feary filed this case alleging that defendant America's Recovery Solutions, LLC has repeatedly attempted to collect a debt that has been discharged in bankruptcy. He seeks relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA), because he alleges that defendant has been advised of the bankruptcy discharge and defendant continues to contact plaintiff about the debt. He also seeks relief under 11 U.S.C. § 105 for civil contempt, because defendant's collection activities are allegedly in violation of the bankruptcy court's discharge order. The Court determined that plaintiff was required to elect which remedy he would pursue, and he has elected to seek relief under the FDCPA.[1]  Dkt. ## 11, 12.  Plaintiff filed a motion for entry of default by the Court Clerk (Dkt. # 7), and the Court Clerk entered defendant's

---

[1] Plaintiff requests monetary and injunctive relief under the FDCPA. However, the FDCPA does not expressly allow a district court to award injunctive relief and courts have rejected requests for injunctive relief under the FDCPA. Hecht v. United Collection Bureau, Inc., 691 F.3d 218 (2d Cir. 2012); Weiss v. Regal Collections, 385 F.3d 337 (3d Cir. 2004); Kafele v. Lerner Sampson & Rothfuss, L.P.A., 62 Fed App'x 584 (6th Cir. 2003). The Court declines to issue an injunction enjoining defendant from further collection activities, because plaintiff has cited no legal authority showing that such relief may be awarded under the FDCPA.

default (Dkt. # 8) on September 28, 2012.  Pursuant to Fed. R. Civ. P. 55(a), default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ."  The Court finds that defendant has failed to file a responsive pleading or otherwise defend against plaintiff's claims, and default judgment should be entered in favor of plaintiff and against defendant.  Plaintiff seeks statutory damages of $1,000 under 15 U.S.C. § 1692k, and the Court finds that the requested damages are reasonable based on the allegations of the complaint.[2]

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that plaintiff's Amended Motion for Default Judgment (Dkt. # 12) is **granted**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that default judgment is hereby entered in favor of plaintiff John James Feary and against defendant America's Recovery Solution, LLC in the amount of $1,000, plus post-judgment interest thereon from this date at the rate of .18 % per annum, plus the costs of this action.

**DATED** this 15th day of November, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also asks that attorney fees be included in the default judgment.  However, a request for attorney fees must be raised in a post-judgment motion under Fed. R. Civ. P. 54(d)(2) and LCvR 54.2, and the Court declines to award attorney fees in this default judgment.