**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) John James Feary,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-cv-00477-CVE-TLW** |
| | ) | |
| **(1) America's Recovery Solutions, LLC,** | ) | |
| **an Ohio Limited Liability Company,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION FOR ATTORNEY'S FEES AND EXPENSES

Mark A. Craige, of the firm MorrelSaffaCraige, P.C.  ("*Attorneys*"), hereby moves this Court to enter an order approving their application for fees and costs as compensation pursuant to the Judgment entered herein on November 15, 2012 [Docket Entry 13] (the "*Judgment*") and to enter a money judgment for the amount of all fees and costs allowed as an additional money judgment against the Defendant, America's Recovery Solutions, LLC, an Ohio Limited Liability Company (the "*Defendant*").   In support of this request, the Attorneys state as follows:

### I.  PROCEDURAL STATUS

1.      The Plaintiff filed the Complaint alleging, *inter alia*, that Defendant violated the Fair Debt Collection Practices Act, *15 U.S.C. § 1692*, et seq. ("*FDCPA*") on August 24, 2012 [Docket Entry 1].  A Summons was duly issued to the Defendant by the Clerk of this Court on August 24, 2012.

2.      As evidenced by the Affidavit of Service filed on September 5, 2012 [Docket Entry 5] the summons was served upon the Defendant by certified mail by serving Incorp Services Inc., the Defendant's registered service agent.

3.      The time for the Defendant to answer or otherwise respond to the Complaint has expired.

4.      The Defendant has not filed an answer or other responsive pleading.

5.      The Defendant is a corporation and therefore not an infant, an incompetent person, nor an active member of the military.

6.      On September 27, 2012 [Docket Entry 7] Plaintiff filed a Motion for Entry of Default due to Defendant's failure to answer or otherwise file a responsive pleading. The Motion for Entry of Default was mailed to the Defendant's registered service agent, as well as to their offices at 7550 Lucerne Drive, Suite 207, Middleburg Heights, Ohio 44130.  On September 28, 2012 [Docket Entry 8], a Clerk's Entry of Default was entered by the Clerk of this Court.  No pleading responsive to the Entry of Default or the Clerk's Entry of Default has ever been filed.

7.      A Motion for Default Judgment was filed on October 25, 2012 [Docket Entry 9] (the "*Original Motion*") and was served by first class mail upon the Defendant's registered service agent, as well as its President, at its business address as shown on its public website as reflected in the Certificate of Service attached to the Original Motion.  A Supplement Certificate of Service was filed on November 6, 2012 [Docket Entry 10] reflecting service of the Original Motion by certified mail upon the Defendant's registered service agent, as well as its President, at its business address as shown on its public website and upon Mr. Edward Heartstedt.  No pleading responsive to the Original Motion has ever been filed.

8.      On November 7, 2012, this Court entered an order directing the Plaintiff to elect between his claim for relief pursuant to the FDCPA and the claim for relief for contempt arising from a violation of the bankruptcy discharge.  On the same day, the Plaintiff filed an Amended Motion for Default Judgment wherein he elected to withdraw the contempt claim.  No pleading

responsive to the Amended Motion has ever been filed.

9.     On November 15, 2012, this Court entered a Judgment against the Defendant pursuant to the FDCPA for $1,000.00.

10.     The award of reasonable attorneys fees and litigation expenses to the Plaintiff as the prevailing party in this case is specifically authorized in the FDCPA, see 15 U.S.C. §1692(k)(a)(3).

11.     The Affidavit of Mark A. Craige, Plaintiff's counsel, is attached hereto as Exhibit "A" in support of this Motion and the amount of attorney's fees and costs requested hereby. A summary of the fees and costs are:

| Professional | Hours | Rate | Total |
|---|---|---|---|
| Mark A. Craige | 17.40 | $325 | $5,655.00 |
| Ann Ashley | 7.80 | $ 50 | $ 390.00 |
| Totals | 25.20 | | $6,045.00 |

12.     The discussion of the procedural status of the case set forth above describes the proceedings in this case. The Attorneys met with the Plaintiff, researched the various legal issues under the FCCPA and the Bankruptcy Code, then prepared and filed the Complaint herein. After obtaining service, the Attorneys prepared and filed the pleadings necessary to obtain a Judgment by Default against the Defendant. **No fees are requested for the preparation and filing of the Amended Motion for Default.**

13.     The activities of the Attorneys in representing the Plaintiff in this case are detailed in the attached time sheets for the Attorneys (marked as Exhibit "B" hereto).

14.     The activities described above, as further detailed in the attached time sheets, were reasonable and necessary to the representation of the Plaintiff in this case.

15.     The services performed by the firm of MorrelSaffaCraige were performed by attorney, Mark A. Craige, and his legal assistant, Ann Ashley. On the last page of Exhibit "B" is

a recapitulation of all time and fees for each person who worked on this case.  There are hours expended for which no compensation is sought, so the hours multiplied by the hourly rate for some individuals may not result in the actual amounts for which compensation is sought.  Such time is reflected in the summary exhibit as "non-billable" or "no charge".

16.     Mr. Craige's practice is limited almost exclusively to business insolvency and bankruptcy matters, including substantial involvement in commercial foreclosures and receiverships.  Mr. Craige has been engaged in active practice since 1982.  His professional resume is attached hereto as Exhibit "C".   During this period of time Mr. Craige has represented creditors, debtors, trustees and receivers in over 1400 commercial insolvency matters.  He was lead counsel in the reported case of *Diviney v. NationsBank*, 211 B.R. 951 (Bankr. N.D. Okla., 1997) aff'd 225 B.R. 762 (10th Cir. BAP, 1998) wherein issues similar to those in this case strenuously litigated to a successful conclusion for Mr. Craige's client.  Mr. Craige's current hourly rate is $325.00 per hour.  The hourly rate requested for Mr. Craige is reasonable for an attorney of Mr. Craige's experience and expertise.  Mr. Craige performed 18.40 hours of actual time although compensation is sought only for 17.40 hours.  Compensation requested for Mr. Craige is $5,655.00.

17.     Ann Ashley is a legal assistant.  Her hourly rate is $50.00 per hour.  The time for which reimbursement is sought is time in which the functions performed included drafting common form type pleadings and communication with parties in interest.  The use of such an employee at a rate much less than those of the Attorneys is reasonable.  The time expended by Ms. Ashley is 10.70 hours of actual time at $50.00 per hour; although compensation is sought for 7.8 hours.  Compensation for Ms. Ashley is requested at $390.00.

18.     As discussed above, Attorneys rendered legal services to and for the benefit of the

Plaintiff for which an award is sought with regard thereto.  Exhibit "B" is attorney's time and billing record through November 19, 2012.

19.     Exhibit "B" shows in detail the tasks performed totaling 29.10 in total hours during the relevant period of time noted above although compensation is sought only for 25.20 of such time because in the exercise of their billing judgment.  Therefore, the Attorneys have elected not to bill for 3.90 of the 29.10 total hours.

20.     Accordingly, the total reimbursement sought herein for compensation of Plaintiff's counsel's fees incurred is the sum of $6,045.00, plus time and expenses advanced after November 19, 2012.  For purposes of this Motion only, the Attorneys in further application of their billing judgment have voluntarily reduced the amount sought by 15%, resulting in a net amount requested of $5,138.00.  The Attorneys reserve the right to request additional fees and expenses in the event this Motion is set for a hearing or if the Defendant opposes this Motion.

21.     Exhibit "B" represents Attorneys' contemporaneous daily time records computed in increments of one-tenth (.1) of an hour, setting forth, in detail, the specific dates, services rendered, and the time spent.  (See, *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983.  See, also, *Oliver's Sports Center, Inc. v. National Standard Ins. Co.*, 615 P.2d 291 (Okl., 1980.); *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659 (Okl., 1979) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

22.     Oklahoma follows the American Rule concerning the recovery of attorney's fees. See, *Crutchfield v. Marine Power Equipment Co.*, 209 P.3d 295, at 304 (Okla., 2009), citing *Stump v. Cheek*, 2007 OK 97, ¶ 13, 179 P.3d 606, among others.  The American Rule provides that each litigant pay for legal representation and that courts are without authority to assess attorney's fees in *the absence of a specific statute or contract*. See *Crutchfield*, *supra*, *id*.  In this

instance, the award of reasonable attorneys fees and litigation expenses specifically authorized by statute in 15 U.S.C. §1692(k)(a)(3).

23.    Attorneys allege their time expended for the services rendered and at the rate charged as well as the expenses noted herein is reasonable, necessary and customary for attorneys of equivalent experience and qualifications.

24.    In addition, the following factors support this Affidavit, to-wit (see, *Ramos*, 713 F2d at 552; *Francia v. White*, 594 F.2d 778, 782 (10th Cir. 1979):

> a.    This Court may take into consideration the experience, reputation and ability of counsel.  Attorney has been engaged in an active trial, creditor's rights and Federal bankruptcy practice for over thirty (30) years as described in detail above;
>
> b.    The hourly rate requested hereby is customary in this locale for experienced counsel generally, and in this case, specifically;
>
> c.    The results obtained have provided a maximum return to Plaintiff.

25.    Accordingly, the Court should allow as reasonable, necessary and proper the totality of fees and expenses sought for approval herein in the voluntarily reduced sum of $5,138.00, together with all additional fees and expenses incurred from and after November 19, 2012 forward, and the same should be taxed as costs as part of the overall judgment awarded Plaintiff herein.

26.    Attorneys also request this Court award them their out of pocket expenses and court costs itemized on Page 4 of Exhibit "B" in the amount of $532.45, the majority of which is the $350.00 filing fee paid to the Clerk of this Court. The additional items are solely for postage and photo copies.

WHEREFORE, Plaintiff prays this Court enter a judgment in the amount of all fees and costs allowed as an additional money judgment against the Defendant, America's Recovery Solutions, LLC, an Ohio Limited Liability Company, as follows:

1.      Attorneys fees in the amount of $5,138.00, plus any additional fees allowed hereafter.

2.      Out of pocket expenses and court costs itemized on Page 4 of Exhibit "B" in the amount of $532.45; for a total amount of fees and expenses of $5,670.70.

Dated this 19th day of November, 2012.

Respectfully submitted,

**MorrelSaffaCraige, P.C.**

   /s/Mark A. Craige
**Mark A. Craige**, OBA No. 1992
3501 South Yale Avenue
Tulsa, Oklahoma 74135-8014
918.664.0800 Telephone Number
918.663.1383 Facsimile Number
email address: mark@law-office.com

*Attorney for Plaintiff, John J. Feary*

CERTIFICATE OF SERVICE

I hereby certify that on the same date this document was filed, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:  None

I hereby further certify that on the same date, I served the same document by

_ X_   U. S. Postal Service          ___     In Person Delivery
___     Courier Service              ___     E-Mail

on the following, who are not registered participants on the ECF system:

America's Recovery Solutions, LLC            America's Recovery Solutions, LLC
c/o Incorp Services, Inc.                    Attn: Skip Foster, President & CEO
9435 Waterstone Boulevard, Suite 140         7550 Lucerne Drive, Suite 207
Cincinnati, OH 45249                         Middleburg Heights, OH 44130

America's Recovery Solutions, LLC
Attn: Ed Heartstedt
7550 Lucerne Drive, Suite 207
Middleburg Heights, OH 44130

    _ /s/Mark A. Craige_____
Mark A. Craige

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) John James Feary, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-00477-CVE-TLW |
| | ) | |
| (1) America's Recovery Solutions, LLC, | ) | |
| an Ohio Limited Liability Company, | ) | |
| | ) | |
| **Defendant.** | ) | |

## AFFIDAVIT OF ATTORNEY FOR PLAINTIFF
## IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND EXPENSES

| | | |
|---|---|---|
| STATE OF OKLAHOMA | ) | |
| | ) | ss: |
| COUNTY OF TULSA | ) | |

Mark A. Craige, being first duly sworn upon oath, states:

1.      I am an attorney and counselor at law, duly admitted to practice in the State of Oklahoma and in this Court.

2.      I practice law under the firm name of MorrelSaffaCraige, P.C., at 3501 South Yale Avenue, Tulsa, Oklahoma 74135-8014.

3.      Attached to the Motion for Attorney's Fees (the "*Motion*") as Exhibit "B" is a copy of the time and billing records of my firm related to this matter.  The time shown is a contemporaneous record of the actual time spent upon the tasks described therein.

4.      Attached to the Motion as Exhibit "C" is my professional resume which accurately reflects a summary of my professional activities.

5.      The hourly rate requested in the Motion for myself and my legal assistant, Ann Ashley, are the customary rates charged by us.  Such previously rates have been approved as reasonable by this Court ("*NDOK*"), the U. S. District Court for the Eastern District of Oklahoma ("*EDOK*"), the U. S. Bankruptcy Court for the Northern ("*BCNDOK*") District of Oklahoma as well as Tulsa County District Court ("*TCDC*") in the following cases:

| Court | Case No. | Date | Document Number |
|-------|----------|------|-----------------|
| NDOK | 10-CV-68-TCK-PJC | 12/28/11 | 78 (see detailed R&R @ 76) |
| EDOK | CIV-11-268-RAW | 12/12/11 | 49 |
| NDOK BC | 09-13572-R | 10/12/10 | 372 |
| TCDC | CJ-2010-5562 | 07/23/12 | none |

6.      The fees and expenses sought by the Motion are in my opinion reasonable under the circumstances in this case.

**FURTHER AFFIANT SAYETH NOT.**

_____
**Mark A. Craige**

Subscribed and sworn to before me this 19th day of November, 2012.

_____
Notary Public

My Commission Expires:

Commission Number: #07000142  EXP. 01/03/2015

H:\MAC\aa\Feary\Adv\pleadings\2012-11-19 affidavit of atty re mot for fees.doc

**Morrel Saffa Craige, P.C.**
**3501 S. Yale Avenue**
**Tulsa, OK 74135-8014**
**(918) 664-0800**
**Tax I.D. #73-0971106**

Page: 1
JOHN FEARY                                                  November 19, 2012
30232 E 69TH STREET SOUTH                    Account No:        9722-004
BROKEN ARROW  OK  74014                        Statement No:         93718

DISCHARGE VIOLATION

Draft Statement

Professional Services

|  |  | Rate | Hours |  |
|---|---|---|---|---|
| **06/12/2012** |  |  |  |  |
| SAA | Prepare stay violation letter to America's Recovery Solutions LLC regarding collection attempts on discharged debt | 50.00 | 0.50 | 25.00 |
| MAC | Telephone conference with client regarding: discharge violation. Review and finalize letter to collection agency. | 325.00 | 0.50 | 162.50 |
| **07/13/2012** |  |  |  |  |
| MAC | Meet with John Feary to discuss continued collection calls. Since collection agency is ignoring the demand letter we sent by Certified Mail, we have no choice but to sue them. | 325.00 | 0.75 | 243.75 |
| MAC | Meet with Client to discuss claims against Mitsubishi and their collection agency. | 325.00 | 0.75 | 243.75 |
| MAC | Legal research and factual back ground on America's Recovery Solutions. | 325.00 | 1.00 | 325.00 |
| **08/14/2012** |  |  |  |  |
| MAC | Research facts.  Review caller ID, review ARSS website to confirm same numbers.  Review Bankruptcy schedules, discharge and docket. Claim originally held by Mitsubishi Motor Credit. Research MMC corporate status on line. Research ARSS LLC status on line. | 325.00 | 0.65 | 211.25 |
| MAC | Legal research Claims under FDCPA, statutory and case law.  Contempt of Bankruptcy Discharge. Jursidictional statutes.  Local Rule referring Bankr. Cases from Dist. Ct to Bankr. Ct. | 325.00 | 1.50 | 487.50 |

Exhibit "B"
1 of 7

Page: 2

JOHN FEARY

November 19, 2012

Account No:       9722-004

Statement No:        93718

DISCHARGE VIOLATION

| | | | Rate | Hours | |
|---|---|---|---|---|---|
| | MAC | Prepare pleadings Complaint for damages to be filed in US Dist. Ct, NDOK. | 325.00 | 1.25 | 406.25 |
| | MAC | Telephone conference with Client to go over complaint.  Email draft to Client for verification. | 325.00 | 0.30 | 97.50 |
| 08/16/2012 | SAA | Telephone conference with client regarding county in which he resides; email to Mark with message that client actually lives in Wagoner county | 50.00 | 0.20 | 10.00 |
| 08/17/2012 | SAA | Revisions to complaint | 50.00 | 0.60 | 30.00 |
| | SAA | Prepare draft of civil cover sheet | 50.00 | 0.40 | 20.00 |
| | MAC | Read email from Client re: He now lives in Wagoner County, which is in the Eastern Dist. of Okla.  Presents a venue question. | 325.00 | 0.10 | 32.50 |
| | MAC | Legal research on venue.  Discharge violation venue lies in NDOK.  FDCPA venue lies in EDOK.  When both are right, can file in either one. | 325.00 | 0.75 | 243.75 |
| | MAC | Telephone conference with Client regarding venue question resolved.  He will come by Monday to sign the verification. | 325.00 | 0.15 | 48.75 |
| 08/20/2012 | SAA | Office conference with client to notarize signature on affidavit in support of complaint | 50.00 | 0.10 | 5.00 |
| 08/23/2012 | MAC | Finalize pleading regarding Complaint & Cover Sheet.  Email to Court to initiate case. | 325.00 | 0.30 | 97.50 |
| 08/24/2012 | SAA | Revisions to complaint | 50.00 | 0.20 | 10.00 |
| | SAA | Prepare summons | 50.00 | 0.40 | 20.00 |
| | SAA | Prepare attorney appearance | 50.00 | 0.40 | 20.00 |
| | MAC | File Pleadings Complaint, Cover Sheet and Entry of Appearance.  Prepare Summons, then email to Clerk for issuance.  Send email to client regarding case filed. | 325.00 | 0.40 | 130.00 |

Exhibit "B"
2 of 7

Page: 3

JOHN FEARY

November 19, 2012

Account No: 9722-004

Statement No: 93718

DISCHARGE VIOLATION

| | | Rate | Hours | |
|---|---|---|---|---|
| **08/27/2012** | | | | |
| SAA | Indirect time: mail out of summons/complaint by regular mail & by certified mail, return receipt requested | | 0.30 | n/c |
| **09/26/2012** | | | | |
| MAC | Review legal documents Show Cause order from Court regarding Defendant has been served but no response. Review service of summons, service appears good. Prepare Application for Clerk's Default & Affidavit in support. | 325.00 | 0.75 | 243.75 |
| **09/27/2012** | | | | |
| MAC | Prepare Request for Clerk's Default, affidavit in support of request and clerk's default. | 325.00 | 0.75 | 243.75 |
| SAA | Finalize legal document: affidavit in support of motion for default judgment | 50.00 | 0.40 | 20.00 |
| SAA | Finalize legal document: motion for entry of default judgment | 50.00 | 0.50 | 25.00 |
| SAA | Revisions to motion for entry of default judgment | 50.00 | 0.20 | 10.00 |
| MAC | Finalize pleading Request for Clerk's Default, affidavit in support of request and clerk's default. Electronically file with the Court. Submit order to Clerk. | 325.00 | 0.25 | 81.25 |
| **09/28/2012** | | | | |
| MAC | Prepare Motion for Default Judgment. | 325.00 | 2.10 | 682.50 |
| MAC | Receive and review Clerk's Entry of Default. | 325.00 | 0.10 | 32.50 |
| **10/04/2012** | | | | |
| MAC | Telephone conference with Ed Heartstedt, president of America's Recovery Solutions regarding settlement negotiations. | 325.00 | 0.40 | 130.00 |
| MAC | Review legal documents Time sheets, file and pleadings. Then, prepare formulate settlement offer. | 325.00 | 0.35 | 113.75 |
| MAC | Telephone conference with Client regarding settlement offer. He approved. | 325.00 | 0.25 | 81.25 |
| MAC | Prepare email to Eddie Heartstedt re Settlement Offer. | 325.00 | 0.20 | 65.00 |

Page: 4

JOHN FEARY

November 19, 2012

Account No:      9722-004

Statement No:      93718

DISCHARGE VIOLATION

|  |  | Rate | Hours |  |
|---|---|---|---|---|
| **10/24/2012** | | | | |
| MAC | Review emails.  No reponse to Settlement Offer sent 10/4/12.  Prepare email to Ed Harrdsteadt re no response to offer, therefore, intend to proceed with filing motion for default judgment. | 325.00 | 0.10 | 32.50 |
| MAC | Revisions to Motion for default Judgment and affidavit in support. | 325.00 | 0.75 | 243.75 |
| **10/25/2012** | | | | |
| MAC | Revise pleadings regarding Motion for Default judgment.  Finalize and electronically file with the Court. | 325.00 | 0.85 | 276.25 |
| SAA | Finalize legal document: affidavit of Mark Craige in support of motion for default judgment | 50.00 | 0.50 | 25.00 |
| SAA | Revisions to affidavit in support of motion for default judgment | 50.00 | 0.20 | 10.00 |
| SAA | Finalize legal document: motion for default judgment | 50.00 | 1.00 | 50.00 |
| SAA | Finalize legal document: journal entry of judgment | 50.00 | 0.80 | 40.00 |
| SAA | Finalize legal document: add exhibit information to exhibits on motion for default judgment | 50.00 | 0.40 | 20.00 |
| SAA | Indirect time: copy & mail out by first class mail and by certified mail motion for default judgment to defendant | | 0.60 | n/c |
| **10/29/2012** | | | | |
| MAC | Telephone conference with Ed Heartstead regarding settlement negotiations. | 325.00 | 0.20 | 65.00 |
| **11/06/2012** | | | | |
| MAC | Finalize pleading regarding Supplemental Cert. of Service on Motion for Default Judgment.  Electronically file with Court. | 325.00 | 0.25 | 81.25 |
| **11/07/2012** | | | | |
| SAA | Revisions to amended motion for entry of default judgment | | 1.00 | n/c |
| SAA | Revisions to order for default judgment | | 0.50 | n/c |
| MAC | Receive and review Court's order.  Prepare and file Amended Motion for Default Judgment. | | | |

Page: 5

JOHN FEARY

November 19, 2012

Account No:    9722-004

Statement No:    93718

DISCHARGE VIOLATION

|  |  | Rate | Hours |  |
|---|---|---|---|---|
|  | Electronically file with the Court. |  | 1.00 | n/c |
| **11/16/2012** |  |  |  |  |
| SAA | Indirect time: mail out of default judgment by regular and certified mail |  | 0.50 | n/c |
| SAA | Prepare certificate of service regarding default judgment entered Nov 15, 2012 | 50.00 | 0.50 | 25.00 |
| SAA | Revisions to motion to attys fees & exp | 50.00 | 0.50 | 25.00 |
| MAC | Review legal documents regarding Judgment by Default.  No fees allowed.  Need to Prepare fee app. | 325.00 | 0.10 | 32.50 |
| MAC | Prepare Motion/Brief Motion for attorney fees. | 325.00 | 0.60 | 195.00 |
| MAC | Finalize pleading COS regarding Default Judgment. Electronically file with Court. | 325.00 | 0.15 | 48.75 |
| **11/19/2012** |  |  |  |  |
| MAC | Revisions to Fee App. | 325.00 | 0.50 | 162.50 |
| MAC | Finalize pleading regarding Fee App.  Electronically file with Court. | 325.00 | 0.35 | 113.75 |
|  | For Current Services Rendered |  | 25.20 | 6,045.00 |

### Expenses

| 08/24/2012 | United States Bankruptcy Court Clerk - Filing Fee | 350.00 |
|---|---|---|
| 08/27/2012 | Postage | 1.30 |
| 08/27/2012 | Postage | 6.60 |
| 08/27/2012 | Photocopies | 3.30 |
| 09/27/2012 | Postage | 1.30 |
| 09/27/2012 | Photocopies | 2.10 |
| 10/25/2012 | Postage | 4.50 |
| 10/25/2012 | Postage | 23.10 |
| 10/25/2012 | Postage | 7.00 |
| 10/25/2012 | Photocopies | 37.80 |
| 11/07/2012 | Postage | 22.70 |
| 11/07/2012 | Postage | 6.80 |
| 11/07/2012 | Postage | 4.50 |
| 11/07/2012 | Photocopies | 34.20 |
| 11/16/2012 | Postage | 20.60 |
| 11/16/2012 | Postage | 5.75 |
| 11/16/2012 | Photocopies | 0.90 |
|  | Total Expenses | 532.45 |

Page: 6
November 19, 2012
Account No:       9722-004
Statement No:       93718

JOHN FEARY

DISCHARGE VIOLATION

Total Current Work                                              6,577.45

Balance Due                                                    $6,577.45



Date: 11/19/2012                    **Summary Fee Transaction File List**                    Page: 1
                                           Morrel Saffa Craige, P.C.

| | | Hours to Bill | Amount | |
|---|---|---|---|---|
| **Total for Timekeeper 5** | Billable | 17.40 | 5,655.00 | Mark A. Craige |
| | Non-billable | 1.00 | 325.00 | |
| | Total | 18.40 | 5,980.00 | |
| | | | | |
| **Total for Timekeeper 14** | Billable | 7.80 | 390.00 | Ann Ashley |
| | Non-billable | 2.90 | 145.00 | |
| | Total | 10.70 | 535.00 | |

| GRAND TOTALS | | | |
|---|---|---|---|
| Billable | 25.20 | 6,045.00 | |
| Non-billable | 3.90 | 470.00 | |
| Total | 29.10 | 6,515.00 | |

**~ PROFESSIONAL RESUME ~**

**Of**

# Mark A. Craige

_____

**MorrelSaffaCraige, PC**
**3501 South Yale Avenue**
**Tulsa, Oklahoma  74135-8014**
**Telephone Number: 918.664.0800**
**Facsimile Number: 918.663.1383**
**e-mail address:  mark@law-office.com**

**Education:**
- ~ Southeastern Oklahoma State University:
   Double Major:  Computer Science and Accounting, (B.S. Cum Laude, 1979)
- ~ University of Tulsa Law School (J.D., 1981), graduated in top 25%

**Admitted to Practice:**
- ~ State of Oklahoma, 1982
- ~ U.S. Court of Appeals, Tenth Circuit (June 12, 1989)
- ~ U.S. District Courts:
   Oklahoma:  Northern (November 20, 1987), Eastern (July 23, 1984) & Western (October 24, 2006) Districts
   Texas:  Eastern District (February 11, 1986)
   Arkansas:  Eastern and Western Districts (March 24, 1992)
   Wisconsin:  Eastern District (January 22, 1997)

**Employment:**
Engaged in private practice since May, 1982.  Practice limited to bankruptcy, insolvency and commercial litigation related cases since 1986.
Currently, shareholder and director of MorrelSaffaCraige, a professional corporation.

**Certifying Organizations:**
Board Certified in Business Bankruptcy Law by the American Board of Certification since 1992.

**Professional Awards and Ratings:**

Fellow of the American College of Bankruptcy, Class of 2000.
AV Preeminent rated by Martindale-Hubbel
Best Lawyers in America, since 2008.
Oklahoma Super Lawyers since 2007.
Earl Sneed Award for Outstanding Contribution to CLE, Oklahoma Bar Association, 1998.
Meritorious Service Award, American Bankruptcy Institute, 1995.
Distinguished Service Award, Tulsa County Bar Association, 1987.

**Counsel in Reported Cases:**

*In re Atlas Computers, Inc.,* 433 B.R. 871 (Bankr. N.D. Okla. 2010)

*In re Webb,* 376 B.R. 765 (Bankr. W.D. Okla. 2007)

*In re Forest Hill,* 364 B.R. 808 (Bankr. E.D. Okla. 2007)

*In re ELRS Loss Mitigation,* LLC, 325 B.R. 604 (Bankr. N.D.Okla. 2005)

*Sheehan Pipe Line Const. Co. v. Laney Directional Drilling Co.,* 228 F.Supp.2d 1271, (N.D.Okla.,2002)

*U.S. v. Kroblin,* 2004 WL 1747467, 94 A.F.T.R.2d 2004-5180, 2004-2 USTC P 50,345 (N.D.Okla.,2004)

*In re Wallace,* 316 B.R. 743 (10th Cir.BAP 2004)

*In re Wallace,* 314 B.R. 904 (10th Cir.BAP 2004)

*In re Tiger Petroleum Co.,* (Bankr. N.D.Okla. 2004)

*In re Wallace,* 311 B.R. 601 (Bankr. N.D.Okla.,2004)

*In Re Merrill,* 246 B.R. 906 (Bankr. N.D. Okla. 2000)

*In re Tirey Distributing Co.,* 242 B.R. 717 (Bankr. E.D. Okla. 1999)

*Smolen v. Hatley,* 227 B.R. 757 (10th Cir. BAP, 1998), aff'd 194 F3d 1320 (10th Cir. 1999)

*In re Hermann,* 221 B.R. 944 (Bankr.N.D.Okla. 1998)

*In Re Salina Speedway, Inc.,* 210 B.R. 851 (10th Cir. BAP 1997)

*Diviney v. NationsBank,* 211 B.R. 951 (Bankr. N.D. Okla., 1997) aff'd 225 B.R. 762 (10th Cir. BAP, 1998)

*Osborn v. Durant Bank & Trust Co.* (*In re Osborn*), 24 F.3d 1199 (10th Cir., 1994)

*Rich v. United States of America, ex rel Internal Revenue Service,* 197 B.R. 692 (Bankr. N.D. Okla. 1996), aff'd., slip. op. 96-CV-00775K, (N.D. Okla. 1997)

*In Re Griffith,* 194 B.R. 262 (Bankr. E.D. Okla. 1996)

*In re Osborn,* 176 Bankr. 217 (Bankr. E.D. Okla., 1994)

*In re Osborn,* 176 Bankr. 941 (Bankr. E.D. Okla., 1994)

*In re Butler,* 139 Bankr. 258 (Bankr. E.D. Okla., 1992)

*In re Sevitski,* 161 Bankr. 847   (Bankr. N.D. Okla., 1993)

*In re Manley,* 135 Bankr. 137 (Bankr. N.D. Okla., 1992)

*Marx v. Reeds,* 145 Bankr. 703 (Bankr. N.D. Okla., 1992)

*In re Luker,* 1990 Bankr. LEXIS 1539 (Bankr. N.D. Okla., 1990)

*In re Wood Comm. Fund I, Inc.,* 116 Bankr. 817 (Bankr. N.D. Okla., 1990)

*In re Threet,* 118 Bankr. 805 (Bankr. N.D. Okla., 1990)

*In re Dodd,* 97 Bankr. 74 (Bankr. N.D. Okla., 1989)

*In re Wiford,* 105 Bankr. 992 (Bankr. N.D. Okla., 1989)

*In re Garrison,* 108 Bankr. 760 (Bankr. N.D. Okla., 1989)

*Matter of Jerry L.,* 662 P2d 1372 (Okla. Sup. Ct. 1983).

**Publications:**

~ Editor:

   "Banco Rotta," Oklahoma Bar Assn. Bankruptcy Section Newsletter, 1989-90

~ Author:

   "The New Family Farms Bankruptcy Act," 58 Oklahoma Bar Journal 1505

   "Pension Plans Are Not Property of Bankruptcy Estate," 63 Oklahoma Bar Journal 3341

   "Effect of the 1994 Bankruptcy Reform Act on Family Law Issues," 66 O.B.J. 3301

~ Contributing Author:

"Small Business Bankruptcy Reorganizations," Wylie Publishing Company, 1994

**Lectures:**

"Representation of Debtors in Bankruptcy," Oklahoma Bar Assn. "OBA" CLE, 1990

"Criminal Considerations in Bankruptcy," OBA, CLE, 1990

"Financing a Debtor in Chapter 12 Including Use, Sale or Lease of Collateral," West Texas Bankruptcy Bar Association, Texas Tech University School of Law, 1991

"Basic Chapter 7," OBA, CLE, 1991

"Chapter 12 Farm Reorganization," Farm Crisis Task Force, 1991

"Representation of Creditors in Bankruptcy," OBA, CLE, 1992

"Recent Developments in Bankruptcy," Oklahoma City University, 1992

"Representing Debtors in Consumers Bankruptcy," OBA, CLE, 1993

"Recent Developments in Bankruptcy," Oklahoma City University, 1993

"Effect of Bankruptcy on Receiverships" and "Partnership Bankruptcy Issues," National Business Institute, 1994

"Recent Developments in Bankruptcy," Oklahoma City University, 1994

"Small Business Chapter 11," University of Tulsa, 1994

"Recent Developments in Bankruptcy," Annual Bankruptcy Retreat, Bankruptcy and Reorganization Section, OBA

"The Impact of the 1994 Bankruptcy Reform Act," Oklahoma City University, 1995

"Cash Collateral and Adequate Protection," Oklahoma City University, 1995

"Discharge Issues Under §523 & §727," Oklahoma City University, 1995

"The 1994 Bankruptcy Reform Act," Stetson University Law School, CLE, Tampa, Florida

"Which Chapter for Small Business, Chapter 11 or Chapter 13?," Southeastern Bankruptcy Conference, Memphis, Tenn. 1997

"Recent Developments in Bankruptcy Tax Issues," Law Education Institute, Vail, Colorado, annually from 1997 thru 2000

"Creditor's Rights in Bankruptcy," Lorman Business Institute, annually since 1997

Small Business Reorganizations," University of Arkansas, CLE, 1997

"Family Law Issues in Bankruptcy," National Business Institute, 1997

"Which Chapter for Small Business, Chapter 11 or Chapter 13?" Tulsa County Bar Association, (Program Chair) 1997

"Agricultural Bankruptcy Issues," American Bankruptcy Institute's Rocky Mountain Bankruptcy Conference, 1998

"Sanctions and Contempt Powers in Bankruptcy," American Bankruptcy Institute's Annual Meeting, 1998

"Small Business Reorganizations, 5th Annual Mid-South Bankruptcy Conference, University of Arkansas, Memphis, Tennessee, 1999

"Basic Bankruptcy for Creditors," National Business Institute, annually since 2000

"Current Development in Article 9," National Business Institute, 2003

"Squeezing Blood from a Turnip, Bankruptcy Issues," Oklahoma Bar Association, 2003

"Landlord/Tennant Issues in Bankruptcy," Oklahoma Bar Association, 2004, 2005, 2010 & 2012.

"Creditor Issues in Chapter 13 Bankruptcy," Oklahoma Bar Association, 2005, 2006, 2007 & 2009

"Impact of Bankruptcy Reform and Consumer Protection Act on Creditor's rights in Consumer Cases under Chapter 7 and 13," Oklahoma Credit Union League, 2005

"Bankruptcy, Foreclosure and Real Property Title Issues," National Business Institute, 2009. "Bankruptcy Issues in Oklahoma Foreclosures," National Business Institute, annually since 2006 thru 2011.

**Professional Associations:**
- ~ Tulsa County Bar Association
- ~ Oklahoma Bar Association:
    - Bankruptcy and Reorganization Section:
        - Board, 1985-99
        - Chairman, 1986-1987
        - Continuous member since 1985
    - Public Information Committee, 1986-1988
- ~ American Bankruptcy Institute
    - Membership Committee (Chairman, 1994-1998)
    - National Membership Network Sub-Committee (Chairman, 1992-93)
    - Rules Committee, Technology Sub-Committee, 1992-93
    - Continuous member since 1989
- ~ American Board of Certification
    - Chairman, 2001
    - President, 2000
    - Vice President 1996-1999
    - Board of Directors, 1994-2001; 2010-present
    - Technology Committee Chair, 2010-present
    - Faculty, 1999-2001
    - Marketing Committee Chair, 1995-1997
    - Standards Committee, 1994-1997

**References are available upon request.**

H:\MAC\aa\Mark\Resume.Mark.doc